MARLENE A. CUMMINGS, Secretary Department of Regulation Licensing
You ask whether section 452.11(1), Stats.,[1] which requires a nonresident real estate broker to maintain an active place of business and prohibits the nonresident broker from employing brokers or salespersons in this state, is constitutional.
It is my opinion that if the statute were challenged in litigation, a court would find that the statute contravenes the privileges and immunities clause of the United States Constitution, article IV, section 2, which provides: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."
The statutory provision under consideration expressly treats nonresident brokers differently from resident brokers in two ways. First, since nonresident brokers are not allowed to employ brokers or salespersons in this state regardless of whether these employed brokers or salespersons have a Wisconsin real estate license, if a nonresident corporate broker wished to do business in Wisconsin, it would be required to have corporate officers licensed as real estate brokers or salespersons. A partnership could be formed under Wisconsin law and one or more of the partners be licensed as brokers. A nonresident sole proprietor would be totally barred from having other brokers or salespersons operate for him or her in this state. A resident broker is not under any of these restrictions.
The second way in which the statute gives disparate treatment to nonresidents is that it requires a nonresident broker to maintain an *Page 110 
active place of business. Resident brokers are not required by law to maintain an active place of business in this state.
Recent United States Supreme Court decisions hold, in cases involving the licensing of a profession, business or trade, that a state may not, under the privileges and immunities clause, establish restrictions for nonresident licensees disparate to those imposed upon resident licensees unless there are substantial reasons for the disparate treatment and that the treatment bears a substantial relationship to the state's objective. Supreme Court of N.H. v. Piper, 470 U.S. 274 (1985).
Since the right to pursue one's profession, trade or calling is a fundamental right, the courts will closely scrutinize a statute that discriminates against nonresidents when these rights are involved. Baldwin v. Fish Game Com'n of Mont., 436 U.S. 371
(1978).
In determining whether the discrimination bears a substantial relationship to a state's interest or objective, the court will consider the availability of less restrictive means. If there are less restrictive means, the statute will fail. Piper,470 U.S. at 284.
In Baldwin, the Supreme Court held that the right to hunt elk was not a fundamental right protected by the privileges and immunities clause, as was the right to pursue one's livelihood. Thus, the "rational basis" test would be applied to constitutionally sustain Montana's higher license fee for nonresidents who desire to hunt elk.
Baldwin may be contrasted with Mullaney v. Anderson, 342 U.S. 415
(1952), where the Court struck down a territory of Alaska law imposing higher license fees for nonresident commercial
fishermen, and Toomer v. Witsell, 334 U.S. 385 (1948), where the court invalidated a South Carolina law imposing higher license fees on nonresident commercial shrimp fishermen.
In Hicklin v. Orbeck, 437 U.S. 518 (1978), the United States Supreme Court struck down Alaska's "Alaska Hire" law, which required that all oil and gas leases, easements or right-of-way permits for oil or gas pipeline purposes and unitization agreements to which the state is a party must contain a provision requiring the hiring of qualified Alaska residents in preference to nonresidents in that it contravened the privileges and immunities clause. The Court employed the "close scrutiny" test in rejecting Alaska's reasons for its law. *Page 111 
 If Alaska is to attempt to ease its unemployment problem by forcing employers within the State to discriminate against non-residents — again, a policy which may present serious constitutional questions — the means by which it does so must be more closely tailored to aid the unemployed the Act is intended to benefit.
Hicklin, 437 U.S. at 527-28.
In Piper, the Supreme Court invalidated New Hampshire's residency requirements for license to practice law as being in violation of the privileges and immunities clause, again employing the "close scrutiny" test.
You state in your request that you have not been made aware of any substantial reason for the disparate treatment of nonresident brokers and that you do not know of any state objectives served by the discrimination. In the absence of proof that the discrimination against nonresidents is an effort to treat an evil with which the state is concerned or that the treatment bears a relationship and is closely tailored to the state objectives, it is difficult to advance an argument that would satisfy the Supreme Court's "close scrutiny" test under the privileges and immunities clause.
However, the "active place of business" requirement arguably springs from the legislative concern that nonresident brokers can be located and made subject to a lawsuit. The argument is weak, especially in view of the fact that resident brokers are not required to maintain an active place of business. If locating a broker is a valid concern, it must be valid for resident brokers as well as nonresident brokers. But of greater importance is the fact that this argument fails the "availability of a less restrictive means" test. Since section 452.11(3) and (4) requires that nonresident applicants file an irrevocable consent to be sued in this state with an authorization that the Department of Regulation and Licensing may be served with process in any suit against a nonresident broker, the less restrictive means of enabling people to sue nonresident brokers is already in place. Further, since nonresident brokers are subject to all of the provisions of chapter 452, they are equally subject to discipline by the real estate board as are resident brokers.
I am unable to perceive any state interest that is served by the proscription that nonresident brokers may not employ a broker or salesperson in this state. Since this proscription is a severe impediment *Page 112 
to nonresident brokers desiring to engage in their profession in this state, it is unconstitutional under the United States Supreme Court decisions recited earlier.[2]
Since section 452.11(1) is unconstitutional, the administrative rule enacted to implement it, Wisconsin Administrative Code § RL 20.01(2) (1983), is also unconstitutional for the same reasons recited.
DJH:WHW
[1] Section 452.11(1) reads: "A nonresident may become a broker or salesperson by conforming to all the provisions of this chapter, except that a nonresident broker shall maintain an active place of business in the state in which the broker holds a license. Nonresident brokers may not employ brokers and salespersons in this state."
[2] I would note that under the ruling in Paul v. Virginia,75 U.S. 168 (1869), a corporation does not enjoy the status of a citizen within the meaning of the privileges and immunities clause and thus a corporation would not be able to raise the constitutional issue involved. *Page 113